## FORCIBLE ENTRY AND DETAINER—INJUNCTION—QUIET TITLE.

[Hamilton (1st) Circuit Court, December 4, 1909.]

Giffen, Smith and Swing, JJ.

*SETH C. FOSTER ET AL. V. EDWARD ELLISON.

1. INJUNCTION LIES TO RESTRAIN EXECUTION OF JUDGMENT IN FORCIBLE ENTRY AND DETAINER.

    Injunction lies against execution of a judgment in forcible entry and detainer pending determination of title, such judgment under Sec. 6601 Rev. Stat. not being a bar to any after action.

2. TITLE QUIETED OF LESSEE OF PERMANENT LEASEHOLD UPON ELECTION TO RENEW AND PAYMENT OF RENT ARREARAGES.

    A lessee under a lease for three and one-half years renewable forever, holding over twenty days before notice to vacate the premises is served upon, thereby elects to renew; and, having offered to pay all arrearage of rent due on the lease, conditions upon which forfeiture could be declared for nonpayment of rent not having been complied with by lessor, the lessee is entitled to a decree quieting his title to a permanent leasehold.

**J. L. Stettinus,** for plaintiff in error.

**Galvin & Bauer,** for defendant in error.

**GIFFEN, J.**

Upon a rehearing of this case, Sec. 6601 Rev. Stat. was urged as authority for affirming the judgment under review. It provides that a judgment in forcible entry and detainer shall not be a bar to any after action brought by either party. The judgment is thereby limited in its effect, and seems to furnish an exception to the general rule that

---

*Affirming *Ellison* v. *Foster*, 19 Dec. 849.

equity will not enjoin the enforcement of a judgment where a defense at law was available. In this case the defense before the justice, if any had been made, would have been that a controverted question of title existed as shown by the lease under which Ellison was in possession, and while the justice could not determine the ultimate question of title, he could adjudge that such disputed question existed and that it was a good defense in an action of forcible detainer.

It seems to be conceded that Ellison could maintain an action wherein the title could be determined, but it is claimed that he seeks only to enjoin the enforcement of the judgment, and has misconceived his remedy. The prayer of the petition is for an injunction and general relief, and if the facts alleged entitle him to a decree quieting his title or fixing the extent of his title, it is difficult to see why he may not, under Sec. 6601 Rev. Stat., have a temporary restraining order until the question of title is determined.

The fact that the judgment is not a bar to any after action between the same parties and concerning the same subject-matter is a strong reason why the execution of the writ should be stayed until the higher court, competent to determine all questions involved, has decided the case. The injunction is ancillary to the main issue of title, and must be dissolved if that issue is determined against the plaintiff.

Is such main issue well pleaded?

The term under the lease is for three and a half years, renewable forever, without any express notice required of the intention of lessee to renew. He held over the term of three and one-half years for a period of twenty days before notice to quit the premises was served upon him, and thereby elected to renew. He was at the time in arrears for rent due, but under the terms of the lease a forfeiture could be declared only after demand made according to law, and no demand other than the notice to quit was ever made. He offers to pay all arrearages, and further avers that he has made lasting and valuable improvements upon the premises, in the belief that he had a perpetual lease with a privilege of purchase.

We are of opinion that the facts stated entitle him, upon payment of rent due, to a decree quieting his title to a permanent leasehold, and that the court did not err in overruling the motion to dissolve the restraining order.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.